## MIMMS v. DELK.

1. WILL—POWER OF SALE BY IMPLICATION.—Where all the estate of testatrix is vested in her executors, and they are directed to make distribution thereof among all her children, the executors take by implication a power of sale of a town lot, a part of said estate, which is incapable of division.

Before IZLAR, J., Barnwell, November, 1893.

Action by William Mimms and others against H. K. Delk. The facts of the case are thus stated in the Circuit decree:

This action to recover the possession of a lot of land situate in the town of Blackville, in the county and State aforesaid, and particularly described in the complaint, was heard by the court, a jury trial having been expressly waived by the parties.

The plaintiffs allege in their complaint that they are seized in fee of the said premises and entitled to the immediate possession thereof, and that the defendant is in possession of the same wrongfully and unlawfully, to the damage of the plaintiffs five hundred dollars. The defendant sets up three defences to the cause of action stated in the plaintiffs' complaint: (1) A general denial. (2) A claim for betterments, and (3) "That the defendant, through his grantors, has held the said lands and tenements more than twenty years."

By consent of the parties, it was referred to the master to take the testimony and report his findings of fact. The facts found and reported by the master are as follows: "That on the 16th day of November, 1864, one Ellen Mimms, the common source of title in this cause, died, leaving of force a last will and testament, in which she disposed of her property, both real and personal, as therein set forth." That at the time of her death the said Ellen Mimms left surviving her the following children, to wit: William Mimms, Robert Mimms, Mary Caroline, [and others, the children and children's children being all enumerated.] That the said Joseph Mimms was appointed and duly qualified as executor of the last will and testament of the said Ellen Mimms. That on the     day of     , 1868, the said Joseph Mimms, as said executor, made a deed of conveyance of the land mentioned and described in the complaint, to one M. F. Molony,[1] and by subsequent deeds of conveyance said land was conveyed to one W. J. Martin, who, on the 19th day of September, 1888, conveyed the same to H. K. Delk, the defendant in this action, who has been in posession of said premises ever since.

There is no dispute as to any of the facts found by the mas-

---

[1] This was conceded at the hearing in this court to have been after the death of Sarah Ann Mimms.—REPORTER.

ter, but, on the contrary, said facts seem to be conceded on all sides. The whole controversy is narrowed down to a construction of the last will and testament of Ellen Mimms, deceased. If Joseph Mimms, who duly qualified as executor of the will of Ellen Mimms, had the power under the said will to sell and convey the premises in dispute, then the plaintiffs admit that they cannot prevail in the action; but if, on the other hand, said executor has no such power, then it is contended for the plaintiffs that the sale by him was void for want of power and authority to make it, and that the conveyance executed by him to Molony passed no title; and that under this state of facts they would be entitled to recover the land in dispute, together with damages for withholding the possession from them. * * *

The will of Ellen Mimms is by no means artistic, but her intention, as gathered from the whole instrument, seems to be clear and unmistakable. She first provides for her unfortunate daughter, Sarah Ann Mimms, by devising to her all of the real estate possessed by her, "except the following pieces of real estate, viz: one lot of land in the town of Blackville and my plantation or tract of land known as the Billy McDonald place or plantation," and by giving and bequeathing to her certain negro slaves and other personal property under certain conditions and limitations. By the second clause of her will she devises and bequeathes the rest and residue of her estate, real, personal, and mixed, to her other children, "to be distributed among them, share and share alike," subject to certain "conditions, limitations, and restrictions," particularly mentioned and set forth. The third clause reads as follows: "My negroes not herein disposed of, together with the lot of land in Blackville, shall be appraised, and the negroes are to be sold at private sale by my executors (hereinafter named) * * * The seventh clause commits the care of her unfortunate daughter, Sarah Ann Mimms, to her son, Joseph F. Mimms, and her friend, J. G. W. Dunbar, and appoints them the legal guardians of her said daughter. The eighth clause designates what portion of the lands given to her daughter, Sarah, her sons, Joseph and C. P. Mimms, may settle upon in case they may desire. The ninth clause reads as follows: "For the more effectually carrying out

of the several provisions of this my last will and testament, I do hereby nominate, constitute, and appoint my son, Joseph T. Mimms, and my friend, J. G. W. Dunbar, executors of this my last will and testament, and also vest the titles to all my estate, both real and personal, in my said executors, the better to enable them to see that all my directions are strictly followed."

The testimony shows that Joseph Mimms alone qualified as the executor of Ellen Mimms, deceased, and that he alone made the sale and conveyance. But this, I apprehend, can make no difference. In *Jennings* v. *Teague*, 14 S. C., 229, it was held that where power of sale is conferred by will upon the executors, the power may be exercised by the able qualified executor. The testimony further shows that the qualified executor sold and conveyed the lot in Blackville, of which the testatrix died seized and possessed (the lot now in dispute), in the year 1868, for valuable consideration to one M. F. Molony; that by subsequent conveyances said lot of land came into the possession of one W. J. Martin, who, on the 19th day of September, 1888, conveyed the same to the defendant by deed, with general warranty; that the defendant entered into possession of the same, and has made valuable improvements thereon. From 1868, when the said lot was conveyed by the executor to M. F. Molony, to the time of the commencement of the present action, twenty-odd years, no steps were taken by any of the devisees under the will of Ellen Mimms to have the sale and conveyance of said premises made by the executor, set aside, or to recover possession thereof. But, on the contrary, they stood by and permitted the defendant to expend large sums of money in making permanent improvements thereon. \* \* \*

The will of Ellen Mimms, as I construe it, gave the executors the power to sell and convey the lot in question. Such being the case, the plaintiffs cannot prevail in the action. The verdict must be in favor of the defendant, and I so find. It is, therefore, ordered and adjudged, that the complaint of the plaintiffs be, and the same is hereby, dismissed. Let judgment be entered in favor of the defendant against the plaintiffs.

The plaintiffs appealed on the following grounds: 1. Because

it was error to hold that under the will of Ellen Mimms, her executors were empowered to sell the land in dispute. 2. Because, even admitting that the object of the testator was to provide for her unfortunate daughter (Sarah Ann), the said daughter was dead at the time the said conveyance was made, and hence no such necessity could or did exist. 3. Because the ninth clause of the will only vested the title of the said lands in the excutors for the purpose of a division, and his honor erred in holding that it gave them a power of sale. 4. Because there was no power given the executor to sell the land at private sale, and hence this sale to Molony was void, and the plaintiffs were entitled to recover. 5. Because the judgment is manifestly wrong, and his honor should have held that under the said will, the executors had no power to dispose of the "balance of the property, both real and personal," but only to divide the same among the children of testator, of whom the said executor was one.

*Messrs. James T. Davis* and *B. T. Rice,* for appellants.

*Mr. S. G. Mayfield,* contra.

September 17, 1894. The opinion of the court was delivered by

MR. JUSTICE GARY. The facts out of which this case arose are stated in the judgment of the Circuit Court. The exceptions complain of error on the part of the presiding judge in deciding that the executor had the power under the will to sell the lot or parcel of land described in the complaint. The testatrix appointed two persons as executors of her will, for the more effectually carrying out the several provisions thereof, and also vested the title in *all* her estate, both real and personal, in her executors, the better to enable them to see that all her directions were strictly followed. Vesting the title in all her estate, both real and personal, in her executors, of course, included the lot of land in the town of Blackville, being the land described in the complaint.

One of the directions of her will was that the rest and residue of her estate, both real and personal and mixed, which she gave

to her eight children, should be distributed among them share and share alike, as therein set forth. The object in vesting the title to this lot in the executors was to enable them to make this distribution. The property described in the complaint being merely a lot in the town of Blackville, it could scarcely have been the intention of the testatrix that the executors should distribute it among the children *in kind.* As it was the intention of the testatrix to vest the title to this lot in her executors for the purpose of carrying out the "directions" of her will, one of her "directions" being that the rest and residue of her estate, including the lot of land in the town of Blackville, should be distributed among her children; and as it was, also, her intention to confer upon her executors all necessary power for making such distribution, which, on account of the character of said property, it was not her intention should be made in kind; and as it is necessary that there should be a sale of said lot so as to make the distribution, the power was conferred by implication upon the executors to sell said lot.

It is the judgment of this court, that the judgment of the court below be affirmed.